## Case No. 7,863a.

### KLAIBER v. ILLINOIS BENEVOLENT MASONIC SOC.

[12 Ins. Law J. (1883) 125.]

Circuit Court, N. D. Illinois.

LIFE INSURANCE — SURRENDER AND REISSUE OF POLICY—CHANGE OF CONDITIONS.

[Where a new policy is issued in lieu of a former one, merely for the purpose of substituting a new beneficiary for the original one, who has died, and there is no new consideration, and no new application or examination of the insured, the company has no power to change the conditions so as to make the representations of the application warranties, when they were not so under the original policy.]

[This was an action at law by Emma Klaiber against the Illinois Benevolent Masonic Society to recover upon a policy of insurance issued upon the life of plaintiff's husband.]

Frederick Ullman, for plaintiff.

Farlan Q. Ball, for defendant.

BLODGETT, District Judge. The defendant is a corporation organized under the laws of the state for the purpose of insuring the lives of Masons. The by-laws of the company provided that only affiliated master masons could become members and take out policies of insurance. In December, 1873, Klaiber made application, stating that he was an affiliated master mason, and a member of the Acassia Lodge, of La Salle. His application was accepted and a policy issued. In 1876, his wife, for whom the policy had been issued, died, and he afterwards married the plaintiff in this case, and at her request the old policy was surrendered, and a new one issued, in which the loss was made payable to the plaintiff. Klaiber paid all the assessments made on him down to his death, in July, 1880. On July 21, 1880, the society changed its by-laws so as to allow any master mason, whether affiliated or not, to become a member. After Klaiber's death the statement was found to be untrue as to his being an affiliated master mason. He had taken a demit from Acassia Lodge some time before making the application. The defense was based on the misrepresentation, the policy on which the suit was brought providing that any misrepresentation would make the policy void. The court decided under the first policy to the first Mrs. Klaiber there was no warranty that the representations were true, and under that policy, unless it appeared that the misrepresentations were intentionally made, the policy would not thereby be rendered void; and in the second policy was a clause expressly making misrepresentation a warranty; and the question then arose as to whether the decree should be governed by the first or second policy. Inasmuch as there was no new consideration for the second policy, nor a new examination of Klaiber, and no new application had been made, and as the second policy was issued in lieu of the first, it was not competent for the society to add any conditions not contemplated at the time of the original application. Judgment would be given for the plaintiff for $4,600.